782 So.2d 573 (2001)
Phyllis Kay Roby DOERR, et al.
v.
MOBIL OIL CORPORATION, et al.
No. 2000-CC-0947.
Supreme Court of Louisiana.
March 16, 2001.
For majority opinion of the court, see 774 So.2d 119.

ON REHEARING
PER CURIAM.
Rehearing granted for the sole purposes of correcting a misstatement of fact and clarifying the decree which are the only issues raised by the rehearing applicant, Genesis Insurance Company.
First, on the consent of all the parties, the sentence at the top of page 3: "This exclusion was not part of the original policy, but was adopted and placed in the policy on February 27, 1996." is changed to read as follows: "This exclusion was part *574 of the original policy, but was not countersigned by the parties until February 27, 1996." This change does not affect the reasoning or holding of the original opinion.
Second, in this case, only St. Bernard Parish sought review by this court of the judgement of the court of appeal that dismissed the principal demand against Genesis by the plaintiffs and the cross-claim by the Parish. "[W]here certiorari is granted on the application of one party to a suit, the judgment (decree) cannot be amended or changed to the benefit of other parties who have failed to apply for such review." Jordan v. Travelers Ins. Co., 257 La. 995, 1001, 245 So.2d 151, 153 (1971) (collecting authorities). Thus, the decree is revised to read as follows: "For the foregoing reasons, the decision of the court of appeal dismissing St. Bernard Parish's cross claim against Genesis Insurance Company is reversed, and the district court's ruling denying Genesis's Motion for Summary Judgment against the Parish is reinstated. The case is remanded to the district court for further proceedings consistent with this opinion."