942 So.2d 1080 (2006)
Jewell K. KLINE, Individually and on Behalf of Her Minor Child, Jennifer Marie Kline
v.
FARM BUREAU INSURANCE COMPANIES, Government Employers insurance Company and/or GEICO General Insurance Company and/or GEICO Indemnity Company and/or GEICO Casualty Company, and Barry L. St. Pierre.
No. 06-CA-129.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
*1081 Michael L. Hebert, Baton Rouge, Louisiana, for Appellants, Jewell K. Kline, Individually and on Behalf of Her Minor Child, Jennifer Marie Kline.
Richard T. Reed, Baton Rouge, Louisiana, for Appellee, Farmers Insurance Exchange.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and JAMES C. GULOTTA, Judge, Pro Tempore.
SUSAN M. CHEHARDY, Judge.
In this appeal, plaintiffs challenge the trial court's judgment granting summary judgment in favor of defendant and dismissing defendant from the litigation. For the following reasons, we affirm.
Facts and Procedural History
On January 27, 2003, seventeen-year-old John Walters was driving an automobile owned by Amy Jones when he was involved in an accident in St. James Parish, Louisiana with Barry St. Pierre. Walters' fifteen-year-old girlfriend, Jennifer Kline, was a passenger in the automobile at the time of the accident. Jennifer sustained injuries to her arm, neck, back, and head, which required hospitalization.
On July 7, 2003, Jennifer's mother, Jewell Kline, filed suit individually and on behalf of her daughter against St. Pierre; his insurer, Farm Bureau Insurance Companies; and Amy Jones' uninsured/underinsured motorist coverage carrier, GEICO. In their petition, plaintiffs alleged that Jennifer's injuries were caused by St. Pierre's negligence. Plaintiffs sought damages for personal injuries sustained by Jennifer as well as loss of consortium and lost wages sustained by Jennifer's mother, Jewell. Plaintiffs contended that St. Pierre was underinsured by his policy with Farm Bureau and, thus, plaintiffs were entitled to maintain a direct action against Amy Jones' underinsured motorist carrier, GEICO. GEICO answered denying coverage on the basis that use was not permitted since the vehicle was stolen. St. Pierre and Louisiana Farm Bureau answered denying the plaintiffs' allegations and alleging Walters' negligence caused the accident.
On December 1, 2004, GEICO filed a Motion for Summary Judgment denying underinsured motorist coverage on the basis that the vehicle was taken without permission by John Walters on the date of the accident. After a hearing on the matter, GEICO's motion was subsequently denied.
On January 24, 2005, plaintiffs filed a supplemental petition adding Farmers Insurance Exchange ("Farmers") as a defendant. In the petition, plaintiffs alleged that on the date of the accident, Farmers had in effect a comprehensive automobile liability insurance policy, including *1082 uninsured/underinsured motorist coverage, issued to Jody Duhe, which provided coverage for plaintiffs. Farmers answered denying coverage to the Klines under Jody Duhe's policy.
On October 20, 2005, Farmers filed a Motion for Summary Judgment denying coverage for the Klines under its policy with Jody Duhe. Farmers specifically contended that neither of the Klines are an "insured" under this policy because they are not "family members" of the named insured. In support of its motion for summary judgment, Farmers introduced five exhibits, which are part of the appellate record: 1) the original petition; 2) the first amending and supplemental petition; 3) the insurance policy issued by Farmers to Jody Duhe; 4) the deposition of Jody Duhe; and 5) the deposition of Jewell Kline.
Plaintiffs filed a memorandum in opposition to defendant's motion for summary judgment alleging that Jennifer Kline is a "foster child" of Jody Duhe and, thus, an insured under the policy in effect on the date of the accident. In support of their position, plaintiffs introduced sixteen exhibits, which are part of this appellate record: 1) the insurance policy in question; 2) the affidavit of Jody Duhe; 3) a letter from a St. James Parish School system employee; 4) 2004 tax return of Jody Duhe; 5) 2003 tax return of Jody Duhe; 6) 2002 tax return of Jody Duhe; 7) 2001 tax return of Jody Duhe; 8) life insurance policy of Jennifer Kline; 9) life insurance policy of Jody Duhe; 10) life insurance policy of Jewell Kline; 11) Father's Day card from Jennifer to Jody; 12) congratulations cards from Jody's relatives on Jennifer's pregnancy; 13) congratulations cards from Jody's family on Jennifer's baby's birth; 14) the affidavit of Jewell Kline; 15) an excerpt from Jennifer Kline's deposition; and 16) an excerpt from Jewell Kline's deposition.
On December 2, 2005, the trial court heard and granted defendant's motion for summary judgment, dismissing Farmers from this litigation. On December 29, 2005, the trial judge signed the judgment to that effect, which the judge declared as a final judgment.
Plaintiffs are appealing that judgment. In their sole assignment of error, plaintiffs argue that the trial court erred in finding that Jennifer Kline was not an insured under the Farmers policy because "[u]nder the undisputed facts of this case and the commonly understood meaning of the term `foster child,' Jennifer Marie Kline was the foster child of Jody Duhe." Farmers responds that the trial court correctly granted summary judgment in this case where the plaintiffs failed to submit sufficient factual evidence with their opposition to summary judgment to establish that plaintiffs will be able to satisfy their evidentiary burden of proof at trial.
Summary Judgment
Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover *1083 must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2); Jones v. Estate of Santiago, 03-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821, pp. 4-5 (La.9/8/99), 744 So.2d 606, 609-610. The mover is, thus, entitled to summary judgment. La. C.C.P. art. 966(C)(2); Jones, supra.
Summary judgments are reviewed on appeal de novo. Id. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Id.
In Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, pp. 26-27 (La.7/5/94), 639 So.2d 730, 750-751, the Louisiana Supreme Court set forth the following parameters for determining whether an issue is genuine or a fact is material:
A "genuine issue" is a "triable issue." More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact."
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. [Citations omitted.]
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Blount v. East Jefferson General Hosp., 04-407 (La.App. 5 Cir. 10/12/04), 887 So.2d 535, 537, citing Sanders v. Ashland Oil, Inc., 96-1751 (La. App. 1 Cir. 6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Thus, we turn to a discussion of the applicable law.
In Cadwallader v. Allstate Insurance Company, XXXX-XXXX (La.6/27/03), 848 So.2d 577, 580, the Louisiana Supreme Court recently reiterated the principles regarding the interpretation of insurance contracts:
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts as set forth in the Louisiana Civil Code. . . . The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract. . . .
Words and phrases used in an insurance policy are to be construed using *1084 their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. . . . An insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. . . . The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent. . . .
Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. . . . Under this rule of strict construction, equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer. . . . That strict construction principle applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. . . .
If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. . . . Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. . . . The determination of whether a contract is clear or ambiguous is a question of law. (Citations omitted.)
In Doerr v. Mobil Oil Corp., 00-0947 (La.12/19/2000), 774 So.2d 119, 124, opinion correction on rehearing, 00-0947 (La.3/16/01), 782 So.2d 573, the supreme court noted that where a contract cannot be construed based on its language due to some ambiguity, then the court may look to extrinsic evidence to determine the parties' intent. Any ambiguities in the policy are to be construed in favor of the insured to effect, not deny, coverage. Id. With these principles in mind, we must now determine whether the trial court erred in finding that there was no coverage for the Klines.
Under "Part C-Uninsured Motorists Coverage" of its policy with Jody Duhe, Farmers agreed to "pay compensatory damages which an `insured' is legally entitled to recover from the owner or operator of an `uninsured motor vehicle' because of bodily injury . . . sustained by an `insured' . . . and caused by an accident." The policy defines "insured," in relevant part, as "you or any `family member.'" The policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." The policy does not define "ward" or "foster child."
In its motion for summary judgment, Farmers argued that the policy does not cover Jennifer Kline because she is neither the "named insured" nor the family member of the named insured. In support of its motion for summary judgment, Farmers submitted depositions from Jody Duhe and Jewell Kline in which both attested that Jody Duhe was the named insured on the policy as well as the sole owner of the vehicle covered by the policy. Further, both stated that they were not and never had been married in Louisiana nor had they resided together outside of Louisiana. Further, both Duhe and Jewell Kline stated that her daughter, Jennifer Kline, was a minor who was unmarried on the date of the incident. The plaintiffs did not submit *1085 documentation to establish a material factual dispute about this issue. It is, thus, undisputed that neither Jewell nor Jennifer Kline was the named insured nor the spouse of the named insured.
Moreover, the deposition testimony reflects that Duhe is not Jennifer's biological father nor has he adopted Jennifer as his daughter. The plaintiffs did not submit documentation to establish a material factual dispute about this issue. Thus, the documentation reflects that Duhe and Jennifer Kline are not related by "blood, marriage, or adoption."
The sole issue for review is whether the trial court erred in granting summary judgment on the basis that Jennifer Kline is not the named insured's "foster child" and, thus, not covered under his uninsured motorist policy. Defendant, Farmers, relies on the depositions, affidavits, and other documentation to support its claim that there is no legal "parent-child" relationship in this situation. Farmers argues that the generally understood meaning of the term "foster child" denotes a legal relationship in which a child is placed by the State of Louisiana in the temporary, physical custody of an adult  the "foster parent"  that is not their biological parent. Farmers points out that La. R.S. 46:286.1 defines a "foster parent" as "any person with whom a child in the . . . custody . . . of the office of community services is placed for temporary . . . care. . . ." Farmers further notes that, at the time of the accident, Jennifer Kline was not in the custody of the office of community services but rather was a minor in the custody of her biological mother.
In support of their claim that Jennifer is Duhe's "foster child," the plaintiffs submitted affidavits from Jody Duhe stating that Jewell and Jennifer Kline have lived with him without paying rent or utilities since October of 1999.[1] Duhe stated that he has also paid for medical expenses, school supplies, clothing and food for both Klines since 1999. The plaintiffs also submitted Duhe's tax returns from 2000, 2001, 2002, 2003, which reflect that he has claimed Jewell Kline and her minor children, including Jennifer, as dependents for each of those years. Further, plaintiffs submitted Father's Day cards from Jennifer to Duhe indicating that she thought of him as her father.
"Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." Cadwallader, 848 So.2d at 580. As further noted, above, "[a]n insurance contract, however, should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion." Id. "The rules of construction do not authorize a perversion of the words or the exercise of inventive powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clearness the parties' intent." Id. In the absence of a conflict with statutes or public policy, insurers have the same rights as individuals to limit their liability and enforce whatever conditions they impose upon their obligations. Cadwallader, 848 So.2d at 583; Marcus v. Hanover, 98-2040 (La.6/4/99), 740 So.2d 603, 606.
*1086 Here, although it is evident that Duhe has taken financial responsibility for Jennifer Kline, that endeavor does not establish Jennifer as Duhe's "foster child." We are not inclined to expand the technical term "foster child," which is a legal relationship established by the State, to include this situation.
After thoroughly reviewing the pleadings, depositions, and affidavits, we cannot say that the trial court erred in finding that Farmers was entitled to judgment as a matter of law. We agree with the trial court that Farmers pointed out an absence of factual support for one or more elements essential to the Klines' claims, specifically whether Jennifer was a "family member" under Duhe's policy. Further, the Klines did not produce factual evidence sufficient to dispute this absence. Therefore, we find that the trial court correctly granted summary judgment in favor of Farmers.
Conclusion
For the above and foregoing reasons, the trial court's judgment granting summary judgment in favor of Farmers Insurance Exchange is affirmed. Costs associated with this appeal are assessed to plaintiffs.
AFFIRMED.
NOTES
[1] Jewell Kline stated that her husband and her children's biological father, Eli Kline, passed away in 1998.