MARION F. EDWARDS, Chief Judge.
12This is an appeal from the grant of a motion for summary judgment in favor of defendant/appellee, Core Distribution, Inc. (“Core”), that dismissed all of the claims made against Core by plaintiff/appellee, Eric Halverson, Jr. (“Mr. Halverson”). We affirm.
The plaintiff, Mr. Halverson, filed a petition for damages asserting that he was injured when he fell off of a ladder. At the time of the fall, Mr. Halverson was at the home of his daughter, Ingrid Halver-son, assisting in the inspection of the building for damages following Hurricane Katrina. Also present was John A. Ronk (“Mr. Ronk”), an independent adjuster. Mr. Ronk placed his ladder against the house and climbed onto the roof. Mr. Halverson followed Mr. Ronk and climbed safely to the roof. While Mr. Ronk remained on the roof to take some measurements, Mr. Halverson attempted to climb down the ladder. He got onto the ladder safely. However, as he attempted to climb down, the feet of the ladder slid out. Mr. Halverson fell onto the concrete below, severely injuring his right shoulder.
|3Mr. Halverson filed this action against multiple defendants, stating multiple causes of action. Most of these claims have been resolved, and the defendants have been dismissed. The only two remaining defendants are Mr. Ronk, who owned the ladder, and Core, the manufacturer of the ladder.
Core filed a motion for summary judgment. After a hearing on the matter, the trial court granted the motion as to Mr. Halverson’s claims for defective construction/composition and defective design, but it denied Core’s motion as to inadequate warnings.
Core filed a subsequent motion for summary judgment regarding the failure to warn claims that was granted by the trial court. It is this judgment that is before this Court on appeal.[1]
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.[2] A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit.[3] A genuine issue is a “triable issue.”[4] If reasonable persons could disagree after considering the evidence, a genuine issue exists.
Our review of the grant of a motion for summary judgment is de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.[5]
*547 |4The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[6]
Whether a particular fact is material can be assessed only in light of the substantive law applicable to the case.[7] La. R.S. 9:2800.57, in part, provides as follows:
A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer’s control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.
B. A manufacturer is not required to provide an adequate warning about his product when:
(1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product’s characteristics; or
(2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.
Halverson claims Core failed to provide proper and safe instruction for the use of the ladder and failed to warn of the inherently dangerous conditions of using the ladder.
The ladder in question is an Xtend & Climb model 770 telescoping ladder that is 12 ½ feet long when fully extended. The ladder has several warning labels, including one that states, “Failure to read and follow instructions on this ladder |smay result in injuries or death.” The instructions that come with the ladder include proper set-up and state: “Set single or extension ladder at 75 ½ degree angle by bracing ladder base a distance equal to ¾ of total working length of ladder away from base of vertical support.... Set ladder on firm ground.” There is an additional yellow caution label on the ladder that contains a pictorial representation of the subject ladder with the ladder positioned properly.
Mr. Halverson argued that there was no warning that the base of the ladder should be placed on level ground before a user attempts to climb up the ladder. Given the above law, we find an absence of factual support for an element of the claim, that is that Core had a duty under the law to warn that the base of the ladder should be placed on a level surface before use. We consider this to be a fact that a user of a *548 ladder already knows or reasonably should be expected to know. Therefore, we find that Mr. Halverson failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Thus, there is no material issue of fact remaining to be decided.
Accordingly, we find the motion for summary judgment at issue in this appeal was correctly granted, and we hereby affirm the judgment. We remand the matter to the trial court for further proceedings.

AFFIRMED AND REMANDED

. It appears from the record that Mr. Ronk remains a defendant in this action.

. La. C.C.P. art. 966(B).

. Mariis v. Zemlik, 11-799 (La.App. 5 Cir. 5/8/12), 96 So.3d 509.

. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751.

. Manís v. Zemlik, supra.

. La. C.C.P. art. 966(C)(2).

.Kline v. Farm Bureau Ins. Companies, 06-129 (La.App. 5 Cir. 9/26/06), 942 So.2d 1080, 1083, writ denied, 06-2575 (La.12/15/06), 945 So.2d 697.