# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30433
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2017

Lyle W. Cayce
Clerk

HENRY ROSENTHAL,

Plaintiff - Appellant

v.

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-13732

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Henry Rosenthal brought several state-law claims against Defendant–Appellee Allstate Property and Casualty Insurance Company for failing to investigate and pay a claim related to engine damage to a 1991 Bluebird Recreational Vehicle in Louisiana state court. Allstate removed the case to federal court based on diversity jurisdiction and filed a motion for summary judgment. The district court granted this motion. Because

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30433

Rosenthal has provided insufficient evidence to survive summary judgment, we AFFIRM.

## I.

In June 2013, Henry Rosenthal purchased a 1991 Bluebird Recreational Vehicle ("RV") in Virginia. Rosenthal drove this RV from Virginia to his house in Louisiana. From July 23, 2013, to June 8, 2015, Rosenthal did not drive the RV on the road, though he sometimes started the engine and drove it on his driveway. The RV was insured by Allstate Property and Casualty Insurance Company ("Allstate").

Rosenthal alleges that a heavy rainstorm occurred on or around May 27, 2015, which damaged the engine. He claims that the engine first did not run and that when it finally ran, water spewed out of the exhaust. After the alleged rainstorm, he filed an insurance claim with Allstate on June 8, 2015. Two days later, Allstate sent an adjuster who photographed the RV and requested that Rosenthal have a mechanic of his choice evaluate the engine and provide a repair estimate.

Instead of having a mechanic inspect the engine, Rosenthal discussed the problem with Clarke Power Services ("Clarke") over the phone. Rosenthal then emailed Allstate's adjuster a repair estimate from Clarke. In response, the adjuster explained that he could not pay the claim without an actual inspection by a mechanic. After many conversations between Rosenthal and different Allstate representatives, Allstate enlisted a mechanical engineer in the Special Investigation Unit, Jeffrey Stark, to inspect the RV. Stark stated in his report that the most likely cause of the problem was the improper maintenance and storage of the engine (i.e., letting the RV sit idle for two years). He also advised that further examination of the engine, which would entail partial disassembly, could confirm the exact cause of the damage and was necessary in order to assess the repairs. Rosenthal refused to get this

2

No. 17-30433

additional inspection. Accordingly, Allstate denied the claim for failure to cooperate with its investigation and failure to provide sufficient proof of loss.

In May 2016, Rosenthal sued Allstate in Louisiana state court for breach of contract, negligent claims handling, negligent misrepresentation, bad-faith claims handling in violation of Louisiana Statutes § 22:1973 and § 22:1892, and violations of Louisiana Civil Code Articles 2315, 2316, and 2320. In August 2016, Allstate removed this case to federal court based on diversity jurisdiction. In March 2017, Allstate filed a motion for summary judgment. The district court granted this motion. It reasoned that (1) Rosenthal had not demonstrated that the damage to his RV is a covered loss under the insurance policy and (2) he had not provided Allstate with proof of loss and therefore could not prevail on a bad-faith claim under the Louisiana Statutes. Rosenthal timely appealed.

## II.

We review a district court's grant of summary judgment de novo. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008) (citing *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Although reasonable inferences are drawn in favor of the nonmoving party, we do not "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (emphasis removed) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Summary judgment is proper if "the nonmoving party has failed to make a

sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"In a diversity case such as this one, we apply state substantive law." *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Here, we apply Louisiana law to determine (1) whether Rosenthal's insurance policy covers his type of loss, (2) whether Rosenthal provided sufficient evidence that the covered type of loss actually caused damage to his RV, and (3) whether Rosenthal provided sufficient evidence that Allstate engaged in bad-faith claims handling.[1]

The first issue is whether Rosenthal's insurance policy covers his type of loss. We conclude that the policy does. Rosenthal alleges that a severe rain event caused damage to his RV's engine. Under Louisiana law, an insurance policy is "subject to the same basic interpretive rules as any other contract." *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 123 (La. 2000) (collecting authorities), *corrected on reh'g*, 782 So. 2d 573 (La. 2001).  The policy should be construed "in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning." *Carbon v. Allstate Ins. Co.*, 719 So. 2d 437, 439–40 (La. 1998) (quoting *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So. 2d 759, 763 (1994)) (citing *Breland v. Schilling*, 550 So. 2d 609, 610 (La. 1989)). "The provisions of the contract 'must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.'" *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 239 (5th Cir. 2016) (first citing La. Civ. Code

---

[1] These are the only issues that Rosenthal briefed. To the extent that there are any other arguments as to why the district court should not have granted summary judgment against him, he has forfeited them. *See Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926 (5th Cir. 2008) ("'A party waives an issue if he fails to adequately brief it' on appeal." (quoting *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008))).

art. 2050; then citing *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 585 F.3d 833, 837 (5th Cir. 2009)).

> The following clause in the Allstate insurance policy is at issue here:
>
> We will pay for direct and accidental loss to your insured motor home or a non-owned motor home not caused by collision. Loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, and riot or civil commotion is covered. Glass breakage, whether or not caused by collision, and collision with a bird or animal is covered.

In this case, loss due to a severe rain event qualifies as a "direct and accidental loss." We need not specifically define "direct and accidental loss" in deciding this. The clause above expressly states that "[l]oss caused by . . . water" is covered as a direct and accidental loss. Water can come from the clouds as rain. *See Water*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003) (defining water as "[t]he liquid that descends from the clouds as rain"). In the clause, the term "water" is surrounded by weather events (i.e., "windstorm," "hail," and "flood") that are considered relatively infrequent as compared to normal rains or winds. Water from a heavy rainstorm would therefore qualify as a cause of a direct and accidental loss. Even if coverage of such loss were ambiguous, under Louisiana law, "any ambiguities within the policy must be construed in favor of the insured to effect, not deny, coverage." *Doerr*, 774 So. 2d at 124 (collecting cases).

The next issue is whether Rosenthal provided sufficient evidence that water from a severe rain event *actually* caused the damage to his RV in order to survive summary judgment. We conclude that he has not. The insured has the burden of "establish[ing] that any uncompensated (or under-compensated) damage was caused by a covered peril." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 358 (5th Cir. 2010). Here, Rosenthal has not provided more than a "scintilla" of evidence that there was an actual heavy rainstorm on or around May 27,

2015, and that water from this rainstorm was indeed the cause of the engine damage. Rosenthal's theory is that during the severe rain event, six to eight inches of rain fell within a span of two hours, and because it was raining so hard, the water came off of the roof of his house at a 45-degree angle and fell into the RV's vertical exhaust pipe. This theory is unsubstantiated.

First, the weather records show that the total rainfall for the entire month of May 2015 at the weather station closest to Rosenthal's residence was 3.95 inches. Second, Rosenthal has admitted that he did not witness water entering the vertical exhaust pipe during any rain event including the alleged one in May 2015. Third, Allstate's expert, Jeffrey Stark, visited Rosenthal's property on January 31, 2017, and attempted to test whether water would fall off the roof and into the vertical exhaust pipe. The RV was in the same position as in May 2015. Stark placed a garden hose on the peak of Rosenthal's roof in the direction of the pipe. He then observed the water falling. None of the water fell into the pipe; the water fell onto the ground. Rosenthal's expert witness, Christopher Rodriguez, speculated that high-velocity winds during heavy rain could have changed the angle of the water so that it could have entered the vertical exhaust pipe, but he concluded his comments by stating that he was not "offer[ing] any professional opinions" about how the water runs off a roof during a storm. Further, recall that after his inspection, Stark had stated that the most likely cause of the damage was improper maintenance and storage (i.e., letting the RV sit idle for two years). Though Rodriguez did not state an opinion on whether improper storage and maintenance was the most likely cause, he agreed that the RV had been improperly stored and that problems could have arisen from such storage.

Finally, we address whether Rosenthal provided sufficient evidence that Allstate engaged in bad-faith claims handling in order to survive summary judgment. We conclude that he has not. An insurer is required to "pay the

amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured." La. Stat. Ann. § 22:1892(A)(1). An insurer who fails to pay the claim within thirty days after receipt of such satisfactory written proofs is subject to penalties if the failure is "found to be arbitrary, capricious, or without probable cause." *Id.* § 22:1892(B)(1); *see also id.* § 22:1973 ("An insurer . . . owes to his insured a duty of good faith and fair dealing."). In order to recover under these provisions, Rosenthal must prove that "(1) the insurer has received satisfactory proof of loss, (2) the insurer fail[ed] to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious, or without probable cause." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (per curiam) (quoting *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112–13 (La. 2008)). Here, Rosenthal has failed to offer a satisfactory proof of loss for the same reasons (iterated above) that he has not provided adequate evidence that water from a heavy rainstorm indeed caused the damage to his RV. Moreover, he has continually refused to obtain an inspection that involves disassembly in order obtain a conclusive assessment of the cause of the engine damage and the extent of repairs.

## III.

In sum, while the insurance policy covers loss caused by a severe rainstorm, Rosenthal has provided insufficient evidence that such a rainstorm actually caused damage to his RV and that Allstate engaged in bad-faith claims handling. Thus, we AFFIRM the district court's grant of summary judgment against Rosenthal.