| | | |
|---|---|---|
| THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY | * | NO. 2020-CA-0334 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| TIDEWATER LANDFILL LLC & THE LOUISIANA FRUIT COMPANY, ET AL | * | STATE OF LOUISIANA |
| | * | |

* * * * * * *

DYSART, J., DISSENTS.

I respectfully dissent from the majority's finding that the trial court erred in granting summary judgment. As ruled by the trial court, I feel that the pollution exclusion contained in the policy of insurance issued by Gray Insurance Company to Tidewater Landfill, LLC, and Environmental Operators, LLC, excludes coverage for the claims set forth in this lawsuit. Therefore, I would find that the grant of summary judgment, dismissing Gray Insurance Company from this lawsuit, was proper.

The claims set forth by the Louisiana DEQ in this lawsuit pertain to Tidewater's alleged failure to comply with rules and regulations relating to its operation of a landfill, which resulted in, *inter alia*, the migration of leachate from the landfill onto neighboring properties and to waterways within the State. Furthermore, DEQ alleged that Tidewater failed to close the landfill in accordance with various laws and regulation, obligations for which Tidewater is now financially incapable of meeting.

DEQ's lawsuit, entitled "Petition for Mandatory Injunction to Abate Continuing Nuisance," asserted several causes of action. These include a mandatory injunction mandating that Tidewater comply with solid waste regulations and all orders from DEQ to properly close the landfill and thereafter

provide post-landfill closure care of the site. The lawsuit also alleged that Tidewater, as a solidary obligor along with the site's owner, has a duty "to abate the continuing nuisance."[1]

The CGL policy in question was in effect from January 1, 1993 through January 1, 1996. The insuring agreement of Gray's policy provided that Gray would pay for damages because of "bodily injury" or "property damage" to which the insurance applies. The policy contains a "Total Pollution Exclusion Endorsement." The exclusion pertinent to this case bars coverage for " '[b]odily Injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time." The exclusion also bars coverage for "[a]ny loss, cost or expense arising out of any: (a) [r]equest, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants; or (b) [c]laim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects or pollutants."

It seems abundantly clear that the claims set forth in this lawsuit would not have arisen absent "the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants." Accordingly, it is clear that the claims set forth in this suit fall squarely within the pollution exclusion and are thus,

---

[1] That nuisance was described in the Petition as "Tidewater['s] continu[ing] to allow leachate from the Landfill to run into waters of the state and the Landfill has not been sloped in a manner that would ensure stability. The Landfill is a nuisance and a danger to human health and the environment."

By way of an amending Petition, the DEQ further elaborated on the nuisance as follows:

> The nuisance condition continues as long as the Landfill does not properly prevent the infiltration of water into the waste. Tidewater and Louisiana Fruit continue to allow leachate from the Landfill to run into waters of the state causing damage. The Landfill is a present and continuing nuisance and danger to neighboring properties of the landfill.

excluded from coverage under Gray's insurance policy. Further, giving due consideration to the pollution exclusion in light of the factors set forth in *Doerr v. Mobil Oil Corp.*, 20-0947 (La. 12/19/00), 774 So.2d 119, *opinion corrected on reh'g*, 20-0947 (La. 3/16/01), 782 So.2d 573, leads to the conclusion that the DEQ's claims, while potentially recoverable against Tidewater, are not covered by Gray's insurance policy. The *Doerr* Court reiterated our long-standing jurisprudential rule what where "a contract does not lead to absurd consequences it will be enforced as written." *Id.*, 774 So.2d at 124.

In this case, the pollution exclusion is unambiguous and should be applied as written to exclude the claims of the DEQ in this matter. I would, therefore, affirm the trial court's grant of summary judgment in favor of Gray Insurance Company.