# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30431

————————

Stephen M. Gruver, *individually and on behalf of* Maxwell R. Gruver; Rae Ann Gruver, *individually and on behalf of* Maxwell R. Gruver,

*Plaintiffs—Appellees*,

*versus*

Allstate Insurance Company of Canada, Incorporated,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-772

_____

Before Dennis, Willett, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Allstate Canada appeals the judgment entered against it in this insurance dispute. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30431

I

This insurance dispute arises out of a hazing incident at a Louisiana State University fraternity that resulted in the death of college student Max Gruver. In brief, the incident involved an event called "Bible Study," where pledges were required to answer questions about the fraternity and the Greek alphabet. If they answered a question wrong, they were required to take a 3- to 5-second chug of 190-proof alcohol. Max, who participated in the event, became intoxicated and unconscious and was placed on a couch. The next morning, he was found unresponsive and was taken to the hospital where he was pronounced dead.

Max's parents, the Gruvers, sued multiple defendants, individually and on Max's behalf, including fraternity member Ryan M. Isto, for their involvement in the hazing incident. They alleged, among other things, that Isto was negligent by "participating in[,] . . . encouraging, permitting, and/or failing to prohibit or stop the hazing and misconduct which harmed and imperiled Max; . . . failing to procure or provide Max appropriate medical and other care after it became clear he was incapacitated, . . . in need of medical or other reasonable attention and rescue, and unable to care for or protect himself."

In their second amended complaint, the Gruvers asserted a claim against Isto's excess insurer, Allstate Insurance Company of Canada, alleging that Allstate was liable for Isto's negligence, under Louisiana's Direct Action Statute, La. R.S. § 22:1269(B)(1), which provides "[t]he injured person or his survivors . . . a right of direct action against the insurer."

Before trial, the Gruvers settled with Isto and his parents' primary insurer, State Farm Fire and Casualty Company. Isto and the Gruvers jointly moved to dismiss Isto from the case. Their motion explained that the parties "had reached a partial settlement, in accordance with *Gasquet v. Commercial*

No. 23-30431

*Union Insurance Company*, 391 So. 2d 466 (La. App. 4th 1980),"[1] meaning that the Gruvers agreed to release Isto and State Farm "from all claims which might be recovered from [Isto] directly, while specifically reserving all claims against [Isto] to the extent any other collectible insurance coverage is afforded to [Isto] by any insurance carrier or company other than State Farm, including Allstate." The district court granted the motion. Isto remained in the case as a nominal defendant to determine his liability and thus Allstate's liability.

Allstate answered the complaint, denying all allegations but admitting that it issued the Istos' insurance policy. It asserted no affirmative defenses.

Both parties moved for summary judgment. In its motion, Allstate argued that two exclusions in the policy—the "intentional acts" exclusion and the "harassment" exclusion—barred coverage for the claims alleged. The Gruvers moved for partial summary judgment on the issue of insurance coverage. They sought to establish that the Allstate policy covered their claims and that Allstate was liable to the Gruvers for any liability the jury apportioned to Isto. Allstate did not respond to this motion.

---

[1] "*Gasquet* has become a term of art among Louisiana jurists and lawyers to describe a type of release." *Aggreko, L.L.C. v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 695 (5th Cir. 2019) (internal quotation marks omitted). We have explained the elements of a *Gasquet* agreement:

> By executing a *Gasquet* release in a settlement agreement, a plaintiff (1) releases the primary insurer entirely, and (2) releases the insured from all claims which might be recovered from the insured directly, reserving claims against the insured *only* to the extent that *collectible* coverage is afforded by an excess insurance policy. Procedurally, after a *Gasquet* release is executed the insured remains in the lawsuit as a "nominal" defendant while the plaintiff pursues recovery from the excess insurer.

*Id.* (alteration adopted) (quoting *RSUI Indem. Co. v. Am. States Ins. Co.*, 127 F. Supp. 3d 649, 658 (E.D. La. 2015)).

No. 23-30431

The district court granted the Gruvers' motion and denied Allstate's. The court concluded that Allstate issued a homeowners insurance policy to Isto's parents, that Max's death took place during the term of the policy, and that general liability coverage existed under the policy's unambiguous terms. As to the policy exclusions, the district court concluded that neither exclusion applied under Canadian law or the facts presented at summary judgment.

In the joint pretrial order, Allstate asserted for the first time that it was entitled to a settlement credit for any amount State Farm paid on Isto's behalf in the *Gasquet* settlement. Allstate listed as trial exhibits the State Farm policy and the settlement agreement. The Gruvers moved in limine to exclude these two documents, as well as any argument that Allstate is entitled to a settlement credit, because Allstate waived the defense and any evidence of the settlement would be irrelevant and inadmissible. Allstate did not respond to the Gruvers' motions in limine, and the district court granted them.

After the Gruvers rested their case at trial, Allstate orally moved for judgment as a matter of law under Rule 50(a) on two grounds. First, it argued that there was no proof that Allstate was Isto's insurer because no policy was admitted into evidence. And second, it argued that there was no proof that Isto "gave alcohol or forced alcohol on . . . Max Gruver," so the Gruvers could not prove their negligence claim.

The district court denied the motion, concluding that no evidence of coverage was necessary because coverage was established at summary judgment. It submitted the negligence claim to the jury because even without evidence of "hand-to-hand transmission of alcohol," "there was evidence that Mr. Isto knew that what was happening was dangerous."

4

No. 23-30431

At the start of its case in chief, Allstate attempted to proffer the Isto–State Farm settlement agreement and a letter plaintiffs' counsel sent to Allstate before trial, which informed Allstate that Isto and State Farm had reached a *Gasquet* settlement and that Plaintiffs would be seeking "a full recovery from Allstate for any legal liability the jury assigns to Mr. Isto . . . in the excess of the amount State Farm has paid on Mr. Isto's behalf." The court rejected the evidence on the grounds that it had excluded it in its order on the motion in limine, and in addition, it was inadmissible under Federal Rule of Evidence 408. It concluded that "if there is a settlement credit to be due, that is a decision to be decided by the court post-verdict."

The jury returned a $6,100,000.00 verdict for the Gruvers and attributed 2% fault to Isto. No post-verdict motions were filed. Although the district court asked whether either party had any post-trial motions, Allstate's only request was that the court enter judgment on the verdict. About two weeks later, the district court did so, entering judgment on the verdict against Allstate for $122,000.

Allstate then moved to alter or amend the judgment under Rule 59(e) to reflect the credit it alleged it was owed under the Isto–State Farm settlement agreement, citing the two documents it attempted to proffer at trial. The Gruvers opposed the motion, arguing that (1) Allstate waived the defense by failing to plead it; and (2) even if the defense were not waived, Allstate failed to prove the affirmative defense because it "ha[d] not presented any competent, admissible evidence—pre-trial, at trial, or post-trial."

The district court agreed and denied Allstate's motion. It assumed Allstate did not waive the defense and concluded that (1) there was no support for Allstate's contention that it was "automatically entitled to a settlement credit by operation of law under [*Gasquet*]"; and (2) Allstate

failed to meet its burden of proving its entitlement to the settlement credit because it did not introduce into the record evidence of the settlement agreement "at any time."

This appeal followed.

## II

Allstate raises three issues for our review. It argues that the district court erred by denying its summary judgment motion, its Rule 59(e) motion, and its Rule 50(a) motion. We reject each in turn.

## A

We first consider whether the district court erred by denying Allstate's motion for summary judgment on the applicability of the policy exclusions. Allstate argues that it is not liable for the damages Isto caused because his conduct is specifically excluded from coverage under the policy. The Gruvers contend that the applicability of the exclusions is not properly before us because Allstate did not file a Rule 50 motion during or after trial. We agree.

Generally, when a motion for summary judgment is denied and a matter goes to trial, the nonmovant must make a post-trial Rule 50 motion to preserve the issue for appeal. *Blessey Marine Servs., Inc. v. Jeffboat, L.L.C.*, 771 F.3d 894, 898 (5th Cir. 2014); *Becker v. Tidewater, Inc.*, 586 F.3d 358, 365 n.4 (5th Cir. 2009). But "a post-trial motion under Rule 50 is not required to preserve for appellate review a purely legal issue resolved at summary judgment." *Dupree v. Younger*, 598 U.S. 729, 736 (2023). That is because our "review of factual challenges after a trial is rooted in the complete trial record, which means that a district court's factual rulings based on the obsolete summary-judgment record are useless." *Id.* at 735–36. "A district

court's resolution of a pure question of law, by contrast, is unaffected by future developments in the case." *Id.* at 736.

But whether an exclusion applies to bar coverage is not a pure question of law. It is generally a mixed question of law and fact. *See Doerr v. Mobil Oil Corp.*, 2000-0947 (La. 12/19/00), 774 So. 2d 119, 135 & n.17, *opinion corrected on reh'g*, 2000-0947 (La. 3/16/01), 782 So. 2d 573; *Power v. State Farm Fire & Cas. Co.*, 15-796 (La. App. 5 Cir. 5/26/16), 193 So. 3d 471, 477. In reviewing mixed questions, "where the factual circumstances are established as a matter of law or undisputed, we have treated the question as one of law." *House v. Am. United Life Ins.*, 499 F.3d 443, 448 (5th Cir. 2007); *Reich v. Lancaster*, 55 F.3d 1034, 1044 (5th Cir. 1995) ("[I]n most instances where we have freely reviewed purportedly mixed issues of fact and law, the facts were undisputed and the only real issue was what legal implication should be drawn from the facts." (citation omitted)). At bottom, a purely legal issue is one "that can be resolved without reference to any disputed facts." *Dupree*, 598 U.S. at 735.

Here, Allstate argues that the policy exclusions apply "[u]nder the undisputed facts *and evidence* of this case," citing to both the summary judgment record and the trial record.[2] But as we explained, the summary-

---

[2] Allstate does not challenge the district court's interpretation of the policy, which *is* a purely legal question. *Delta Seaboard Well Servs., Inc. v. Am. Int'l Specialty Lines Ins.*, 602 F.3d 340, 342–43 (5th Cir. 2010) ("The district court's interpretation of an insurance contract and its exclusions is a question of law and is subject to de novo review.").

To the extent that Allstate argues that Louisiana Revised Statute § 14:40.8 somehow proves that one of the exceptions applies as a matter of law, it fails to rebut the district court's conclusion that § 14:40.8 is irrelevant because it was not in effect at the time of Max's death and was in fact passed in response to Max's death. Nor does it address the district court's conclusion Isto's no contest plea to one count of hazing could not support the application of the exclusion because "[t]he statute to which Isto pled no contest"— LA. R.S. 17:1801— "referred to hazing that was likely to cause bodily danger or physical punishment[, and] [t]he uncontroverted facts establish that Isto did not cause Max any

No. 23-30431

judgment record becomes "obsolete" after a trial, *Dupree*, 598 U.S. at 735, which is why we don't review factual challenges after a trial without a Rule 50 motion. Allstate makes no argument that the summary judgment record was unaffected by the trial record.[3]

Accordingly, we conclude that Allstate has not preserved this issue for appeal.

B

We next consider Allstate's Rule 59(e) motion. Our analysis begins and ends by considering whether Allstate has forfeited this argument by failing to properly brief it.

"To be adequate, a brief must address the district court's analysis and explain how it erred." *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023) (citation omitted). A brief is adequate, "even if 'sparse,'" *id.*, if it "includes the standard of review, discusses applicable law, and explains how [the appellant] believes the district court erred." *United States v. Teijeiro*, 79 F.4th 387, 394 n.1 (5th Cir. 2023). In contrast, "parties forfeit[] arguments by not attempt[ing] to rebut the district court's conclusions or by failing to cite the provisions at issue in the opening brief and explain why the [district] court was wrong about what those provisions permit." *Smith*, 88 F.4th at 594 (internal quotation marks and citation omitted).

Under these standards, Allstate has forfeited its argument that the district court erred by failing to grant its Rule 59(e) motion.

---

physical damage as he did not force Max to drink." Instead, it concluded that the "record demonstrate[d] that [Isto's] focus was on other pledges."

[3] Allstate had the opportunity to address this issue in a reply brief and at oral argument, but it failed to do so.

We review denials of Rule 59(e) motions for abuse of discretion. *Antero Res., Corp. v. C&R Downhole Drilling Inc.*, 85 F.4th 741, 748 (5th Cir. 2023). The rule "states, in full, that '[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citing Fed. R. Civ. P. 59(e)). Although "[t]he text of Rule 59(e) does not specify the available grounds for obtaining such relief," *id.*, we have explained that there are three grounds on which a court may grant a Rule 59(e) motion: "(1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021). Allstate does not say on which ground it believes it is entitled to relief, leaving us to guess which one it relies on.

To the extent that Allstate makes any argument at all, it is futile and gets us no closer to answering whether the district court erred by denying its Rule 59(e) motion.

Allstate spends almost all of its brief on this issue arguing that the agreement between Isto and State Farm was a proper *Gasquet* agreement, but it conceded at oral argument that it is not automatically entitled to a credit based on the existence of the agreement, and it agreed with the district court that it was required to plead *and prove* its entitlement to the credit. So the fact that the agreement was a *Gasquet* agreement does not in itself entitle Allstate to relief. Thus, Allstate's reliance on the district court's previous orders that mention a *Gasquet* agreement is in vain.

Despite its concession that it was required to plead and prove its entitlement to the settlement credit, Allstate offers no argument refuting the district court's conclusion that it failed to properly introduce the agreement into the record and thus failed to carry its burden of proof. For instance,

No. 23-30431

Allstate does not argue that the district court improperly excluded the evidence at trial or that it improperly rejected its "proffered" evidence. Likewise, it provides no argument that its proffer was sufficient. Nor does it provide any authority suggesting the district court was required to consider its proffered, but not admitted, evidence at the Rule 59(e) stage.[4] Although it mentions that the district court "*could have* accepted the proffer of the agreement into evidence at trial for purposes of determining the credit issue post-verdict," Allstate does not assign error to the district court's decision not to do so.

Nor does Allstate make any argument or cite *any* authority to explain the procedural issues this matter raises. We've repeatedly held that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence—not for raising arguments which could, and should, have been made before the judgment issued." *Rollins*, 8 F.4th at 396 (internal quotation marks and citation omitted). But because Allstate has failed to brief its argument under the Rule 59(e) standard, it has failed to explain why it could not have made this argument after the verdict but before the judgment issued. Allstate doesn't cite a single case—or any authority for that matter—addressing this issue.[5] Because the issue is not briefed, we express no opinion on the matter.

_____

[4] Allstate did not file a reply brief and thus did not respond to the Gruvers' argument that Allstate never offered admissible, properly authenticated documents.

[5] In fact, in the one case it does cite—for a different proposition altogether— the parties addressed the settlement credit issue with the district court after the verdict but *before* the court entered the judgment. *See Miller v. Gorski Wladyslaw Est.*, 338 F. App'x 454 (5th Cir. 2009) (noting that "[i]n entering judgment, the district court considered the prior payments by the Settling Insurers to determine Illinois National's settlement credit").

No. 23-30431

Accordingly, we cannot say that the district court abused its discretion or committed a manifest error[6] of law or fact based on the inadequate briefing before us.

C

Finally, we turn to Allstate's Rule 50(a) motion. We review this issue de novo. *Wigginton v. Jones*, 964 F.3d 329, 334 (5th Cir. 2020). Allstate argues that it is not liable for the damages Isto caused because the Gruvers never admitted the insurance policy into evidence at trial.

The district court resolved the issue of insurance coverage by granting the Gruvers' motion for partial summary judgment. Partial summary judgments are meant to "narrow the issues for trial." 10B Wright & Miller, Federal Practice and Procedure § 2737 (4th ed.). Though not a final judgment, "[a] partial summary judgment order" is "a pre-trial adjudication that certain issues are *established for trial* of the case." *F.D.I.C. v. Massingill*, 24 F.3d 768, 774 (5th Cir. 1994) (emphasis added); *see also Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) ("[Partial] summary judgment serves . . . to root out, narrow, and focus the issues, if not resolve them completely. Where, as here, partial summary judgment is granted, the length and complexity of trial on the remaining issues are lessened . . . ."). Thus, given the summary judgment on the coverage issue, the Gruvers did not have to prove coverage at trial. The district court came to the same conclusion, and Allstate provides no authority contrary to this holding. Accordingly, we find no error.[7]

---

[6] "A manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (internal quotation marks and citation omitted).

[7] Allstate makes a final argument in the last sentence of its brief that "damages sought by plaintiffs cannot be rendered against Ryan Isto because the trial court's July 1,

No. 23-30431

AFFIRMED.

_____

2020, partial dismissal order extinguished Ryan Isto's personal liability for damages in the litigation." Allstate has failed to adequately brief this argument and has thus forfeited it. *Smith*, 88 F.4th at 594.